# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED

JUN 1 4 2007

C... ...'S OFFICE
U... DIST. COURT
SAN JUAN, PR

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **INDICTMENT** |
| Plaintiff, | **Criminal No. 07- 240 (DRD)** |
| v. | Violations: |
| **[1] Melvin Guzman-Perez,**<br>**[2] Nelson Guzman-Rivera,**<br>**[3] Killsy Gonzalez-Matos,**<br>**[4] Myrna Diaz-Cruz,** | Title 18, U.S. Code, Section 1344 |
| | Title 18, U.S. Code, Section 1343 |
| Defendants. | Title 18, U.S. Code, Section 1957 |
| | **( EIGHT COUNTS)** |

THE GRAND JURY CHARGES:

## COUNT ONE
### (Bank Fraud)
### Title 18, United States Code, Section 1344

From in or about July of 2001, up to and including the date of the return of this Indictment, in the District of Puerto Rico, Florida, elsewhere, and within the jurisdiction of this Court,

### [1]Melvin Guzman Perez,

### [2]Nelson Guzman Rivera,

the defendants herein, aided and abetted by one another, did knowingly and intentionally devise a scheme and artifice to defraud Wells Fargo Home Mortgage Corporation, a federally insured financial institution, to obtain money, funds, and other property owned by and under the custody of Wells Fargo Home Mortgage Corporation, by means of false and fraudulent pretenses, representations, and promises.

## SCHEME AND ARTIFICE TO DEFRAUD

It was part of the scheme and artifice to defraud that the defendant, [2] Nelson Guzman Rivera, on behalf of [1] Melvin Guzman Perez, applied for and obtained a first mortgage loan from Wells Fargo Home Mortgage by providing false financial information on the mortgage loan application.  Said mortgage was in the amount of two-hundred and seven thousand, four-hundred and thirty-six dollars ($207,436.00) in U.S. currency, and was used to purchase a residence located at 14004 Kestrel Drive, Orlando, Florida.

## ACTS IN EXECUTION OF SCHEME TO DEFRAUD

On or about January 31, 2002, defendant [2] Nelson Guzman Rivera executed the  scheme and artifice to defraud as set forth above, in that defendant provided false financial information for a mortgage loan application to Wells Fargo Home Mortgage Corporation, to wit: defendant indicated a base employment  monthly income of ten-thousand five-hundred ($10,500.00) in U.S. currency.  Said  false information induced Wells Fargo Home Mortgage Corporation to approve the mortgage loan.  The funds from the fraudulently received mortgage loan were utilized to purchase the residence located at 14004 Kestrel Drive, Orlando, Florida on or about February 19, 2002.  All in violation of Title 18, United States Code, Sections 2 and 1344(1) and (2).

### COUNT TWO
### (Bank Fraud)
### Title 18, United States Code, Section 1344

From in or about August of 2003, up to and including the date of the return of this Indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1] Melvin Guzman Perez,

INDICTMENT, *U.S. v. GUZMAN PEREZ*, et al.    2

[2]Nelson Guzman Rivera,

[4] Myrna Diaz Cruz,

the defendants herein, aiding and abetting one another, did knowingly and intentionally devise a

scheme and artifice to defraud RBS Mortgage Corporation, a federally insured financial institution,

to obtain money, funds, and other property owned by and under the custody of RBS Home Mortgage

Corporation, by means of false and fraudulent pretenses, representations, and promises.

## SCHEME AND ARTIFICE TO DEFRAUD

It was part of the scheme and artifice to defraud that the defendant [2] Nelson Guzman

Rivera, utilizing the brokerage services of defendant [4] Myrna Diaz Cruz, applied for and obtained

a first mortgage loan from RBS Mortgage Corporation on behalf of his son, defendant [1] Melvin

Guzman Perez. In the mortgage loan application defendant [2] Nelson Guzman Rivera provided

false financial information for a mortgage loan application to RBS Mortgage Corporation. Said

mortgage was in the amount of two-hundred thousand dollars ($200,000.00) in U.S. currency, and

was used to purchase a residence located at Urbanization Los Prados, C-9 Del Yagrumo Street,

Caguas, Puerto Rico.

## ACTS IN EXECUTION OF SCHEME TO DEFRAUD

In or about September of 2003, defendant [2] Nelson Guzman Rivera executed the scheme

and artifice to defraud as set forth above, in that defendant provided false financial information for

a mortgage loan application to RBS Mortgage Corporation, to wit: defendant [2] Nelson Guzman

Rivera indicated in the loan application papers that he received monthly rental income from a

company named Exclusive Properties, owned by defendant [4] Myrna Diaz Cruz. When in fact

defendant [2] Nelson Guzman Rivera did not have said monthly rental income, and the

**INDICTMENT, _U.S. v. GUZMAN PEREZ_, et al.**      3

documentation submitted to RBS Mortgage Corporation had been altered as part of the scheme and

artifice to defraud RBS Mortgage. Said false information induced RBS Mortgage Corporation to

approve the mortgage loan. The funds from the fraudulently received mortgage loan were utilized

to purchase the residence located at Urbanization Los Prados, C-9 Del Yagrumo Street, Caguas,

Puerto Rico on or about September 29, 2003. All in violation of Title 18, United States Code,

Sections 2 and 1344(1) and (2).

### COUNT THREE
### (Bank Fraud)
### Title 18, United States Code, Section 1344

From in or about June of 2002, up to and including the date of the return of this Indictment,

in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1]Melvin Guzman Perez,

[3] Killsy Gonzalez Matos,

the defendants herein, aiding and abetting one another, did knowingly and intentionally devise a

scheme and artifice to defraud RBS Mortgage Corporation, a federally insured financial institution,

to obtain money, funds, and other property owned by and under the custody of RBS Home Mortgage

Corporation, by means of false and fraudulent pretenses, representations, and promises.

### SCHEME AND ARTIFICE TO DEFRAUD

It was part of the scheme and artifice to defraud that the defendant [3] Killsy Gonzalez

Matos, through a power of attorney, applied for and obtained a second mortgage loan from RBS

Mortgage Corporation on a property located at Parque De Rio, C-17, Caguas, Puerto Rico. In seeking

the second mortgage loan, defendant [3] Killsy Gonzalez Matos provided false financial

*INDICTMENT, U.S. v. GUZMAN PEREZ, et al.*    4

information.  Said mortgage was in the amount of one-hundred and fifteen thousand, and eighty-seven dollars and sixty-seven cents ($115,087.67) in U.S. currency.

ACTS IN EXECUTION OF SCHEME TO DEFRAUD

In or about July of 2002, defendant [3] Killsy Gonzalez Matos executed the scheme and artifice to defraud as set forth above, in that defendant provided, through a power of attorney, false financial information for a mortgage loan application to RBS Mortgage Corporation, to wit: defendant [3] Killsy Gonzalez Matos indicated in the loan application papers that she received monthly dividend income of eight-thousand nine-hundred and twenty-three dollars and thirteen cents ($8,923.13) in U.S. currency.   When in fact defendant [3] Killsy Gonzalez Matos did not receive said monthly dividend income.  Said false information induced  RBS Mortgage Corporation to approve the mortgage loan.  A portion of the funds from the fraudulently received mortgage loan were utilized to purchase the residence located at Urbanization Santa Elvira, #G-7, Street Santa Elena, Caguas, Puerto Rico.  All in violation of Title 18, United States Code, Sections 2 and 1344(1) and (2).

**COUNT FOUR**
**(Money Laundering)**
**Title 18, <u>United States Code</u>, Section 1957**

On or about August 20, 2002, in the in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1]Melvin Guzman Perez,

[3] Killsy Gonzalez Matos,

[4] Myrna Diaz Cruz,

the defendants herein, aiding and abetting one another, did knowingly and intentionally engage in and attempt to engage in a monetary transaction by through or to a financial institution, affecting

*INDICTMENT, <u>U.S. v. GUZMAN PEREZ</u>, et al.*     5

interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00,

to wit:    the transfer of a Banco Popular check, valued at $57,091.87  from [3] Killsy Gonzalez

Matos to Exclusive Properties, a business owned and operated by co-defendant [4] Myrna Diaz Cruz.

The purpose of the transaction was to finalize the purchase of a property located at Urbanization

Santa Elvira, #G-7, Street Santa Elena, Caguas, Puerto Rico, such property having been derived from

a specified unlawful activity, that is bank fraud, in violation of Title 18, United States Code, Section

1344.  All in violation of Title 18, United States Code, Sections  2 and 1957.

**COUNT FIVE**
**(Money Laundering)**
**Title 18, United States Code, Section 1957**

On or about September 29, 2003, in the in the District of Puerto Rico, elsewhere, and within

the jurisdiction of this Court,

[1]Melvin Guzman Perez,

[2]Nelson Guzman Rivera,

[4] Myrna Diaz Cruz,

the defendants herein, aiding and abetting one another, did knowingly and intentionally engage in

and attempt to engage in a monetary transaction by through or to a financial institution, affecting

interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00,

to wit:    the transfer of a mortgage loan check from RBS Mortgage Corporation, valued at

$271,808.00 ( $200,000.00 of which were the amount of the mortgage loan secured by fraudulent

means) paid to the original mortgage owner of a property located at  Urbanization Los Prados, C-9

Del Yagrumo Street, Caguas, Puerto Rico .  The purpose of the transaction was to finalize the

purchase of a property located at Urbanization Los Prados, C-9 Del Yagrumo Street, Caguas, Puerto

Rico, such property having been derived from a specified unlawful activity, that is bank fraud, in violation of Title 18, United States Code, Section 1344. All in violation of Title 18, United States Code, Sections 2 and 1957.

## COUNT SIX
### (Wire Fraud)
### Title 18, United States Code, Section 1343

On or about September 16, 2003, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court,

[1]Melvin Guzman Perez,

[2]Nelson Guzman Rivera,

[4] Myrna Diaz Cruz,

the defendants herein, aiding and abetting one another, and for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud mention in Count Two of this Indictment, and incorporated herein by reference, and to obtain money and property by false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted, in interstate and foreign commerce by means of wire communications, writings, signs, signals, pictures and sounds to wit: a facsimile of a fraudulent financial statement of defendant [2]Nelson Guzman Rivera, in support of a mortgage loan application dated September 16, 2003, sent from Exclusive Properties to RBS Mortgage Corporation. All in violation of Title 18, United States Code, Sections 2 and 1343.

## COUNT SEVEN
### (Bank Fraud Forfeiture Allegation)
### Title 18, United States Code, Section 982

1.     Pursuant to Title 18, United States Code, Section 982(a)(2)(A), each defendant who is convicted of Counts One, Two, or Three of this Indictment, as a result of violations, incorporated herein by reference, shall forfeit to the United States the following property:

a.     All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1344,  for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction in violation of Title 18, United States Code, Section 1344;  2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and  3) all property used in any manner or part to commit or to facilitate the commission of those violations.

b.     A sum of money equal to the total amount of money involved in each offense, for which the defendant is convicted, to wit: $522,522.67 in U.S. currency.  If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

c.     The following real property:

i.  ONE URBAN LOT LOCATED AT 14004 KESTREL DRIVE, ORLANDO, FL 32837 MORE FULLY DESCRIBED IN THE PUBLIC RECORDS OF THE COUNTY OF ORANGE, STATE OF FLORIDA AS FOLLOWS:

LOT 72, OF FALCON TRACE UNIT 7, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 45, AT PAGE 3, OF THE PUBLIC RECORDS OF ORANGE COUNTY,

*INDICTMENT, U.S. v. GUZMAN PEREZ, et al.*     8

FLORIDA. ORANGE COUNTY PROPERTY APPRAISER:
PARCEL ID: 34-24-29-2669-00-720.

ii. LOS PRADOS, YAGRUMO STREET C-9 MORE FULLY DESCRIBED
DESCRIBED IN THE PROPERTY OF PUERTO RICO REGISTRY AS FOLLOWS:

SOLAR RADICADO EN EL DESARROLLO EL VALLE,
PRIMERA FASE RESIDENCIAL PRADOS URBANOS,
LOCALIZADA EN EL BARRIO CANABON DEL TERMINO
MUNICIPAL DE CAGUAS PUERTO RICO, QUE SE DESCRIBE
EN EL PLANO DE INSCRIPCION CON EL NUMBER, AREAY
COLINDANCIAS QUE SE RELACIONAN A CONTINUACION:
SOLAR NUMERO NUEVE (9) DEL BLOQUE "C", CON UN
AREA DE 405.00 METROS CUADRADODOS EN LINDES POR
EL NORTE CON LA CALLE YAGRUMO, EN DISTANCIA DE
15.00 METROS CUADRADOS: POR EL SUR, CON EL SOLAR
NUMBERO 2 DEL BLOQUE "C", EN UNA DISTANCIA DE 15.00
METROS: POR EL ESTE CON EL SOLAR NUMBERO OCHO (8)
DEL BLOQUE "C", EN UNA DISTANCIA DE 27.00 METROS:
POR EL OESTE, CON EL SOLAR NUMBER 10 DEL BLOQUE
"C", EN UNA DISTANCIA DE 27.00 METRO. ENCLAVE UNA
CASA DE CONCRETO PARA FINES RESIDENCIALES."

iii. C-17 CALLE DAGUAO PARQUE DEL RIO CAGUAS MORE FULLY
DESCRIBED DESCRIBED IN THE PROPERTY OF PUERTO RICO REGISTRY AS
FOLLOWS:

SOLAR MARCADO CON EL NUMERO DIECISITE (17) DEL
BLOQUE "C" EN EL PLANO DE INSCRIPCION DE LA
URBANIZACION PARQUE DEL RIO, RADICADO EN EL
BARRIO CANABON DEL TERMINO MUNICIPAL DE
CAGUAS, PUERTO RICO, CON UNA CABIDA Y
COLINDANCIAS SEGUN INDICA A CONTINUACION;

AREA SUPERFICIAL DE TRESCIENTOS PUNTO CERO
CERO (300.00) METROS CUADRADOS, POR EL NORTE,
CON EL SOLAR NUMERO "C" DIECIOCHO (C-18) DE ESTE
MISMO BLOQUE EN UNA DISTANCIA DE VEINTICINCO
PUNTO CERO CERO (25.00) METROS, POR EL SUR, CON EL
SOLAR NUMERO "C" DIECISEIS (C-16) DE ESTE MISMO
BLOQUE EN UNA DISTANCIA DE VEINTICINCO PUNTO
CERO CERO (25.00) METROS, POR EL ESTE, CON EL

INDICTMENT, *U.S. v. GUZMAN PEREZ*, et al.    9

CALLE FLORES SECCION A EN UNA DISTANCIA DE DOCE
PUNTO CERO CERO (12.00) METROS Y POR EL OESTE,
CON TERRENOS DE ERNESTO JIMENEZ SANJURJO UNA
DISTANCIA DE DOCE PUNTO CERO CERO (12.00)
METROS.

ENCLAVA EN ESTE SOLAR UNA ESTRUCTURA
CONSTITUIDA DE HORMIGON ARMADO Y BLOQUES DE
CONCRETO DEDICADO A VIVIENDA PARAUNA SOLA
FAMILIA.-------------------

INSCRITA AL FOLIO CIENTO NOVENTA Y OCHO (198) DEL
TOMO MIL DOSIENTOS CUARENTA Y SIETE (1,247) DE
CAGUAS, FINA NUMERO CUARENTA Y TRES MIL
OCHOCIENTOS NOVENTA Y NUEVE (43,899), REGISTRO
DE LA PROPIEDAD, SECCION PRIMERA DE CAGUAS.--------
---

d.      Pursuant to Title 21, <u>United States Code</u>, Section 853(p), as incorporated by

Title 18, <u>United States Code</u>, Section 982(b), each defendant shall forfeit substitute property, up to

the value of the amount described in paragraph one (1), if, by any act or omission of the defendant,

the property described in paragraph one (1), or any portion thereof, cannot be located upon the

exercise of due diligence; has been transferred, sold to or deposited with a third party; has been

placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been

commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, <u>United States Code</u>, Section 982(a)(2) and Rule 32.2(a)

Federal Rules of Criminal Procedure.

**COUNT EIGHT**
**(Money Laundering Forfeiture Allegation)**
**Title 18, United States Code, Section 982**

1.      Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is

convicted of Counts Four or Five of this Indictment, as a result of violations, incorporated herein by

reference, shall forfeit to the United States the following property:

a.      All right, title, and interest in any and all property involved in each offense in

violation of Title 18, United States Code, Section 1957, for which the defendant is convicted, and

all property traceable to such property, including the following: 1) all money or other property that

was the subject of each transaction in violation of Title 18, United States Code, Section 1957; 2)

all commissions, fees and other property constituting proceeds obtained as a result of those

violations; and 3) all property used in any manner or part to commit or to facilitate the commission

of those violations.

b.      A sum of money equal to the total amount of money involved in each offense, for

which the defendant is convicted, to wit: $257,091.87 in U.S. currency. If more than one defendant

is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount

involved in such offense.

c.      The following real property:

i. ONE URBAN LOT LOCATED AT URB. SANTA ELVIRA, SANTA ELENA
STREET, G-7, CAGUAS, PR 00725 MORE FULLY DESCRIBED IN THE PROPERTY
REGISTRY AS FOLLOWS:

"URBANA: SOLAR MARCADO CON EL NUMERO 7 DE LA
MANZANA "G" DE LA URBANIZACION SANTA ELVIRA EN
EL BARRIO TOMAS DE CASTRO DE CAGUAS, CON UN AREA
DE 316.26 METROS CUADRADOS; COLINDA POR EL NORTE
CON EL SOLAR 6 CON DISTANCIA DE 21.67 METROS; POR

*INDICTMENT, U.S. v. GUZMAN PEREZ, et al.*      11

EL SUR CON EL SOLAR 8 CON DISTANCIA DE 21.51 METROS; POR EL ESTE CON VILLA DEL ESTE INC., DISTANCIA DE 14.65 METROS; POR EL OESTE CON LA CALLE 8 CON DISTANCIA DE 14.65 METROS." PROPERTY NO. 29,386 INSCRITA AL FOLIO 198 DEL TOMO 1184

ii. LOS PRADOS, YAGRUMO STREET C-9 MORE FULLY DESCRIBED DESCRIBED IN THE PROPERTY OF PUERTO RICO REGISTRY AS FOLLOWS:

SOLAR RADICADO EN EL DESARROLLO EL VALLE, PRIMERA FASE RESIDENCIAL PRADOS URBANOS, LOCALIZADA EN EL BARRIO CANABON DEL TERMINO MUNICIPAL DE CAGUAS PUERTO RICO, QUE SE DESCRIBE EN EL PLANO DE INSCRIPCION CON EL NUMBER, AREAY COLINDANCIAS QUE SE RELACIONAN A CONTINUACION: SOLAR NUMERO NUEVE (9) DEL BLOQUE "C", CON UN AREA DE 405.00 METROS CUADRADODOS EN LINDES POR EL NORTE CON LA CALLE YAGRUMO, EN DISTANCIA DE 15.00 METROS CUADRADOS: POR EL SUR, CON EL SOLAR NUMBERO 2 DEL BLOQUE "C", EN UNA DISTANCIA DE 15.00 METROS: POR EL ESTE CON EL SOLAR NUMBERO OCHO (8) DEL BLOQUE "C", EN UNA DISTANCIA DE 27.00 METROS: POR EL OESTE, CON EL SOLAR NUMBER 10 DEL BLOQUE "C", EN UNA DISTANCIA DE 27.00 METRO. ENCLAVE UNA CASA DE CONCRETO PARA FINES RESIDENCIALES."

ENCLAVA EDIFICACION.

d. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by

Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to

the value of the amount described in paragraph one (1), if, by any act or omission of the defendant,

the property described in paragraph one (1), or any portion thereof, cannot be located upon the

exercise of due diligence; has been transferred, sold to or deposited with a third party; has been

placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been

commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section 982(a)(1) and Rule 32.2(a)

Federal Rules of Criminal Procedure.

TRUE BI

Dated: 06/14/07

Rosa E. Rodríguez Vélez
United States Attorney

Jose A. Ruiz Santiago
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 06/13/07

Timothy R. Henwood
Assistant U.S. Attorney
Dated: 6-13-07

*INDICTMENT, U.S. v. GUZMAN PEREZ, et al.*     13